HUGO KRAUSE AND MARIE KRAUSE, PLAINTIFFS-RE-SPONDENTS, v. EMANUEL E. KATZ, INCORPORATED, A CORPORATION OF NEW JERSEY, TRADING AS BREAKERS HOTEL, DEFENDANT-APPELLANT.

Argued May 6, 1936—Decided June 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiffs-respondents, *Robert N. McAllister* and *George T. Naame.*

For the defendant-appellant, *Thompson & Hanstein* and *John Lloyd, Jr.*

PER CURIAM.

The appeal is from a judgment entered for the plaintiffs, husband and wife, against the defendant in the Atlantic Common Pleas for personal and property damage caused by an automobile collision.

Appellant presents six reasons for reversal, the first two of which are, respectively, that the court refused to nonsuit and refused to grant defendant's motion for direction of verdict. It is admitted that the collision was between the automobiles of the respective parties. The question, in this phase of the case, is: Where did the fault lie? It is also conceded that the car of the plaintiffs was proceeding in a northerly direction on South New Jersey avenue and that the car of the defendant, just before the collision, was in process of being backed out of the driveway from defendant's garage towards

the street. Traffic was heavy and parking spaces well filled. It is contended by the defendant that at the instant of the impact its car was standing motionless, partly on the sidewalk and partly in the gutter, and that the collision was caused by a swerving of the plaintiffs' car from the lane of traffic. However, it is in the proofs that plaintiffs' car was moving along the highway in the space given over to traffic and that as it came to the driveway the defendant's car, without warning, "shot out." The marks of damage on the two vehicles were consistent with plaintiffs' version and showed a collision between the rear side of the plaintiffs' car and the back of the defendant's car. The court was under the duty, of course, of accepting that version of the proofs that was most favorable to the party against whom the motions were aimed. The nonsuit and the directed verdict were properly denied.

Defendant's next contention is that the admission of proof that the plaintiff Hugo Krause was obliged to employ additional sales persons because of the incapacity of his co-plaintiff wife was error. Assuming this to be so, we think that the error was harmless because the inquiry as to the amount thus disbursed was, on defendant's objection, withdrawn.

The fourth and fifth points concern portions of the court's charge. The court charged the jury as follows:

"Contributory negligence is a charge that is made against one who claims to have been injured by the negligence of another, and who seeks to recover damages therefor. If it exists at all it is negligence in him—that is to say, the commission of some act by him or the failure to commit some act by him which, having regard to the legal duty upon him, and so on, a reasonable person would or would not have done, and which contributes to his injury in such a way that without his conduct the negligence would not have occurred."

The objection is that this presentation is involved and confusing and that literally it is not a correct statement of the law of contributory negligence. We think that the point was well made. The form in which the charge is phrased, as well as the substance of the matter, seems to us not only to lack clarity but, when given correct and usual grammatical construction, to be an incorrect statement of the law.

So, too, with respect to that portion of the court's charge which reads as follows:

The negligence in this case is said to have occurred during the operation of motor vehicles upon one of the streets of Atlantic City and an adjacent passageway. So far as persons using the highways for the operation of motor vehicles is concerned, in reference to their guilt or innocence of negligence, the law is that persons lawfully using the highways for the operation of motor vehicles are required to so conduct themselves and to so operate their machines that they will not cause injury to the person or to the property of any other person who may at the same time be lawfully using the same highway."

The instruction that it was the duty of one lawfully using the highway so to operate his machine as not to cause injury to another is erroneous. The duty is to use reasonable care. *Matheke* v. *United States Express Co.,* 86 *N. J. L.* 586; 92 *Atl. Rep.* 399.

Our examination of the sixth reason leads us to think that, while the portion of the charge there objected to is inartistic, it sufficiently presents the matter for the attention of the jury in the absence of a request for more particular language.

Judgment reversed; a *venire de novo* may issue.